IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STEPHEN RIPPEY,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**UTAH DEP'T OF CORR. ET AL.,**<br><br>       **Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>**Case No. 2:18-cv-151**<br><br>**Judge Clark Waddoups** |

  Plaintiff, Stephen Rippey, is a *pro se* prisoner proceeding *in forma pauperis*. (ECF No. 3.) In this civil-rights complaint, filed pursuant to 42 U.S.C.S. § 1983 (2020), he names the following Defendants: Utah Department of Corrections (UDOC); former Central Utah Correctional Facility (CUCF) warden Bigelow; Deputy Warden Blood (CUCF); and Captains Larsen and Peterson (CUCF). (ECF No. 4.) He asserts that Defendants violated his federal constitutional rights by retaliating against him for filing grievances. (*Id*.) He further asserts Defendants violated a state statute because he is "being forced to stay at the Prison's [Sex Offender Treatment Program]." (*Id*.)

  In his complaint, Plaintiff only requests injunctive relief:

> Safe, gang-free appropriate housing; freedom from staff harassment/retaliation; not to be forced to do the [sex offender] program. Reimbursement of lost (stolen by UDOC) property. Whatever this Court may deem appropriate. My mental and physical damage is irreparable. I would like psychiatric help by a psychiatrist not affiliated with the State of Utah. At least weekly therapy. I want the UDOC to stop harassing inmates. No more retaliation and retribution. To be free from active gang members who routinely assault [sex offenders].

(*Id*. at 7-8.) Though Plaintiff does not specify, the Court assumes that he sues Defendants solely in their official capacities. *See Staples v. United States*, 762 F. App'x 525, 529 (10th Cir. 2019) (unpublished) ("§ 1983 authorizes official-capacity claims only for injunctive relief and not for damages.") (citing *Hafer v. Melo*, 502 U.S. 21, 30 (1991)).

Defendants now move for summary judgment. The Court grants the motion, but first screens out two defendants and a claim. *See* 28 U.S.C.S. § 1915A (2020) (stating "court shall dismiss the case at any time if the court determines that . . . fails to state a claim on which relief may be granted").

## I. SUA SPONTE DISMISSAL

### A. GROUNDS FOR DISMISSAL

Evaluating a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the

complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). This means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

## B. IMMUNITY

"[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ." *Hobbs v. Okla. State Penitentiary*, 673 F. App'x 837, 839 (10th Cir. 2016) (unpublished) (quoting *Ellis v. Univ. of Kan. Med. Ctr.*, 1186, 1196 (10th Cir. 1998)). Because UDOC is a state agency, it is therefore dismissed from this action.

## C. AFFIRMATIVE LINK

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222,

slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on a supervisory role. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability). And, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Regarding Defendant Warden Bigelow, Plaintiff has stated only that he "allowed retribution." As an aside, review of the evidentiary materials submitted by both parties reveals that he at most denied grievances. (ECF Nos. 4-3, at 2; 29-4, at 4-5; 32, at 11; 33, at 12.) Defendant Bigelow's activities of supervising prison staff and denying grievances may not qualify as personal participation in breaching Plaintiff's constitutional rights; therefore, Defendant Bigelow is also dismissed.

## D. STATE-CODE VIOLATION

Plaintiff asserts violation of Utah Code Ann. § 64-9b-4 (2020) ("Rehabilitative and job opportunities at the Utah state prison and participating county jails shall not be forced upon any inmate contrary to the Utah Constitution, Article XVI, Section 3(2), but instead shall be on a completely voluntary basis."). (ECF No. 4, at 5.) Specifically, he alleges that, on January 25, 2018, he was "forced to stay at the [USP Sex Offender Treatment Program (SOTP)]." (*Id.*)

Section 1983, under which this federal civil-rights complaint was brought, states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

4

> privileges, or immunities *secured by the Constitution and laws*,
> shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress . . . .

42 U.S.C.S. § 1983 (2020) (emphasis added).

"It is well established . . . that a state's violation of its own laws does not create a claim under § 1983." *Rector v. City & County of Denver*, 348 F.3d 935, 947 (10th Cir. 2003).

This claim is therefore dismissed.

## II. SUMMARY JUDGMENT

This Court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *Id*. at 56(c)(1). Summary judgment's purpose "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The movant has the "initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case." *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). Once movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element." *Id*. To do so, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1999) (citation omitted). In ruling on a summary-judgment motion, this Court must

"examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Sealock v. Colorado*, 218 F.3d1205, 1209 (10th Cir. 2000).

Plaintiff was specifically notified by the Court of his burden on summary-judgment as follows:

> Plaintiff is . . . notified that, if Defendant moves for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

(ECF No. 12, at 3.)

## A. EXHAUSTION

Based on Plaintiff's failure to exhaust his administrative remedies through the prison grievance process, Defendants move for summary judgment on all other claims and defendants except for the retaliation claim against Defendant Peterson.[1] (ECF No. 46.) Defendants support their motion with a *Martinez* report (including declarations and grievance policy and records) and memorandum. (*See* ECF Nos. 29-33.) Plaintiff responds to the motion, (*see* ECF Nos. 48-49, 51-52); with his complaint and responses to the summary-judgment motion, he includes copies of his grievance documents, (ECF Nos. 4-1, 3-18; 4-5, at 7-8.) Neither of his two grievances mention Defendants Blood or Larsen. The Court therefore rules for Defendants.

---

[1] Though the claims clearly stated in Plaintiff's Complaint are retaliation and state-code violation, (ECF No. 4, at 4-5), Plaintiff's requested relief, (*id.* at 7-8), and responses to Defendants' *Martinez* report and summary-judgment motion, (ECF Nos. 48-49), wander into allegations of other slights and possible claims. These other slights and possible claims are either not properly before the Court or not viable, as they (a) are not listed as causes of action in the complaint as required for them to give fair notice of Plaintiff's claims to Defendants and the Court, Fed. R. Civ. P. 8; (b) are generally unlinked to particular named Defendants (e.g., Plaintiff's gripe regarding his lost or stolen property states, "Sgt LeMmon and Sgt Anderson did not forward [Plaintiff's] laundry bags to him," (ECF No. 48, at 12), but these sergeants are not named defendants and therefore not parties to this litigation); and (c) are not the subject of either of the two grievances completed by Plaintiff, and thus may not pass § 1997e(a)'s threshold under which exhaustion of administrative remedies is required to allow merits consideration. 42 U.S.C.S. § 1997e(a) (2020).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Here, Plaintiff admits that he did not exhaust his claims.[2] Thus, there is no dispute of material fact.

---

[2]In his response to Defendants' *Martinez* report, when discussing his failure to file other grievances, Plaintiff states,
> Plaintiff has not, and will not file another grievance while incarcerated for fear of additional retaliation and unwarranted punishment. Plaintiff has taken a big risk by filing this complaint against the UDOC and anxiously awaits the conclusion of these proceedings as he fears additional retaliation by Defendants--named and unnamed--as Plaintiff will likely still be incarcerated by the State of Utah.

(ECF No. 48, at 20.) This self-serving statement is not sworn or supported by evidence of any kind.

Many of Plaintiff's other statements belie his "fear"--i.e., he speaks boldly of his many retorts and demands of UDOC staff in his second grievance, (ECF No. 33), filed *after* the first grievance, (ECF No. 32), that he alleges triggered the "retaliation." For instance, in his second grievance, he stated,
> The retaliation for filing a grievance against Birch Sergeant Lemond [sic] is a petty example of Peterson overstepping his authority by moving me, instead of dealing with the real problem, which is Lemond's inappropriate passive-aggressive behavior. I'm sure Peterson's objective is to have me physically assaulted to teach me a lesson.

(ECF No. 33.) This does not sound like an inmate who was "chill[ed] . . . from continuing to engage in that activity." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Further undercutting Plaintiff's assertion that his grievance filings were chilled by fear of retaliation, it is undisputed that the "retaliation" Plaintiff asserts happened did not involve anything particularly substantive--e.g., moved to housing (Elm) comparable to his original housing (Birch). (ECF No. 29-1 (stating Elm and Birch were both general population housing for Level 3 and 4 inmates offering "same benefits such as recreation, programming access, etc.").) In fact, two main hardships Plaintiff cites as stemming from "retaliation" are: (1) The unit he was moved from (Birch 1) had people around his own age (48); whereas the unit to which he moved (Elm 6) had an average age of people in their twenties. (ECF No. 48, at 11.) (2) "I lost access to X-Box, microwave, hot water dispenser, and swinging doors that allow a semblance of dignity while toileting." (ECF No. 4-2, at 7.) These deprivations are *de minimis* at best and clearly do not rise to the level of "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," which seems like an appropriate standard for sake of comparison. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Also undermining Plaintiff's narrative of fear, the undisputed alternative reasons Defendant Peterson had for moving Plaintiff from Birch to Elm (e.g., separating Plaintiff from LeMmon, changing up housing assignment in regular course of corrections business, and Plaintiff's apparent complacency that resulted in his violation of rules and disrespect toward Birch staff) appear to keep Plaintiff from satisfying "the third prong of the First Amendment test, [in which] an inmate must allege specific facts showing that '*but for* the retaliatory motive, the incidents to which he refers . . . would not have taken place.'" *Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016) (emphasis added) (quoting *Peterson,* 149 F.3d at 1144 (internal quotation marks omitted)). This is a "heightened standard" that requires Plaintiff to show "a triable issue not only that retaliation for [filing of grievances] played a role in [denying privileges, moving Plaintiff to more restrictive housing and confiscating property] but that such retaliation was the decisive factor." *Strope v. McKune*, 382 F. App'x 705, 710 (10th Cir. 2010) (unpublished).

Finally, Plaintiff's assertions of potential assaults in new housing, when no such assaults actually happened, also rings hollow as to his fear of retaliation for filing grievances. *Cf.* 42 U.S.C.S. §1997e(e) (2020) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .").

And, there are but two material facts: (1) the prison grievance policy requires that grievances be filed within certain time frames. (ECF Nos. 29-7; 29-9.) (2) Plaintiff did not file grievances as to any other defendant or claim in his Complaint, except regarding Defendant Peterson allegedly retaliating against him. (ECF No. 33, at 3.) Nothing else is relevant.

The United States Supreme Court and the Tenth Circuit have held that the exhaustion requirement must be met to bring a § 1983 claim in federal court under PLRA:

> [PLRA] imposes a mandatory exhaustion requirement on inmates challenging prison conditions in federal court: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)[.] . . . An inmate's failure to exhaust is an affirmative defense and the burden is on the defendant to prove the failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir.2007).

*Thomas v. U.S. Bureau of Prisons*, 282 F. App'x 701, 703 (10th Cir. 2008) (unpublished) (citation omitted).

The Supreme Court has held that the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion" equals "'using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original). In *Ngo*, the Supreme Court concedes "this will prevent certain prisoner cases from proceeding, but notes that a 'centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an "invigorated" exhaustion provision, § 1997e(a).' 'Exhaustion is no longer left to the discretion of the district court, but is mandatory.'" *Tung v. Hartley*, No. 1:08-CV-457-AWI, 2012 U.S. Dist. LEXIS 30895, at *3 (E.D. Cal. Mar. 8) (citations omitted) (ellipses in original).

8

Here, to exhaust administrative remedies, by written policy, the grieving inmate must go through each of three levels by certain deadlines. (Docket No. 29-9.) Because Plaintiff did not do so, he therefore did not exhaust his administrative remedies. *Booth*, 532 U.S. at 741 n.6. Claims against Defendants Blood and Larson are thus dismissed.

## B. RETALIATION CLAIM AGAINST DEFENDANT PETERSON

Plaintiff asserts that Defendant Peterson retaliated against him for filing a grievance by moving him to less advantageous housing. For this, he seeks the following injunctive relief: "freedom from . . . retaliation" and "safe, gang-free appropriate housing."

But, the undisputed facts show that Plaintiff is now at Utah State Prison and Defendant Peterson is still at CUCF. (ECF Nos. 29-1, at 2; 53, at 3.) Thus, Plaintiff's claim against Defendant Peterson is moot because Plaintiff "is no longer housed at [CUCF] where [Defendant Peterson is] located." *Williams v. Wilkinson*, 645 F. App'x 692, 697 (10th Cir. 2016) (unpublished); *see also Jordan v. Sosa*, 654 F.3d 1012, 1027028 (10th Cir. 2011) (explaining inmate's official-capacity claim for injunctive relief against prison official is mooted when inmate transferred to different facility).

Thus, Defendant Peterson--even were he inclined to do so--lacks authority to move Plaintiff to gang-infested, unsafe housing, to retaliate against him for filing any grievances (which presumably Defendant Peterson would not even know about considering they would be filed in another facility). Under the undisputed facts, then, summary judgment is granted for Defendant Peterson.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

9

(1) Defendants UDOC and Bigelow are **DISMISSED** for failure to state a claim upon which relief may be granted.

(2) Claim regarding violation of state code is **DISMISSED** for failure to state a claim upon which relief may be granted.

(3) Defendant Blood and Defendant Larsen's Motion for Summary Judgment is **GRANTED** based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 46.)

(4) Defendant Peterson's Motion for Summary Judgment is **GRANTED**, (*id*.), because the claim against him is moot.

(5) With no controversy remaining in this Court, this action is **CLOSED.**

DATED this 19th day of June, 2020.

BY THE COURT:

Clark Waddoups
United States District Judge